KORSINSKY & KLEIN, LLP
2926 Avenue L
Brooklyn, NY 11210
Tel: 212-495-8133
Fax: 212-419-3893
Email: mk@kklawfirm.com
*Attorneys for CRESCENT ELECTRIC SUPPLY COMPANY, INC. OF NEW YORK*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| CRESCENT ELECTRIC SUPPLY COMPANY, INC. OF NEW YORK, individually and on Behalf of Itself and All Others Similarly Situated, | : (State Court Index # 650121/2018) : : : : |
| Plaintiff, | : : |
| - against - | : : |
| ANTHONY BARTOLOMEO, | : : |
| Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## NOTICE OF REMOVAL

TO THE JUDGES OF THE SOUTHERN DISTRICT OF NEW YORK:

Crescent Electric Supply Company, Inc. of New York ("Crescent"), by its counsel, Korsinsky and Klein, LLP, respectfully provides notice to this Court of removal of an action in which the Debtor ANTHONY J. BARTOLOMEO ("Debtor") is a defendant from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, and respectfully represents as follows:

1. Crescent, as creditor, removes the below-captioned action (the "State Court Action") to the United States District Court for the Southern District of New York:

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------------X
CRESCENT ELECTRIC SUPPLY COMPANY, INC. OF
NEW YORK, individually and on Behalf of Itself and         Index # 650121/2018
All Others Similarly Situated,

                                              Plaintiff,

    - against -

INNOVATIVE ELECTRICAL SERVICES LLC
a/k/a INNOVATIVE ELECTRICAL SERVICES, INC.,
ANTHONY BARTOLOMEO, and CHEZ DEGENNARO,

                                              Defendants.
---------------------------------------------------------------------X

2. The statutory predicate for the relief sought herein is 28 U.S.C. §§1334(b) & 1452(a) and Federal Rule of Bankruptcy Procedure ("FRBP") 9027(a)(2).

3. Crescent is entitled to removal based on the following facts:

    a. On January 9, 2018, Crescent filed the Summons and Complaint against the above-captioned Defendants in Supreme Court, New York County, a copy of which is attached hereto as Exhibit "1".

    b. The State Court Action has been assigned Index Number 650148/10.

    c. Annexed hereto as Exhibit "2" is a copy of Debtor's Notice of Motion to Dismiss and Annexed hereto as Exhibit "3" is a copy of Crescent's Notice of Motion for a default judgment as against co-defendants INNOVATIVE ELECTRICAL SERVICES LLC a/k/a INNOVATIVE ELECTRICAL SERVICES, INC., and CHEZ DEGENNARO. [The remaining voluminous documents relating to these motions are not being filed at this time. However,

2

      if needed, the documents will be made available to the Court to which this matter is being removed and/or transferred as needed.]

    d. Annexed hereto as Exhibit "4" is co-defendant CHEZ DEGENNARO's proof of filing a petition for liquidation under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York and was assigned Case No. 18-35222(CGM).

    e. Annexed hereto as Exhibit "5" is a copy of a judgment entered pursuant to an Order Granting Default Judgment only as to INNOVATIVE ELECTRICAL SERVICES LLC a/k/a INNOVATIVE ELECTRICAL SERVICES, INC., in the amount of $276,774.84.

4. The attachments are limited to the process and pleadings that have been filed within the meaning of CPLR 3011 and FRCP Rule 9027(a)(1).

5. On or around July 16, 2019, Debtor filed a petition for liquidation under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York and was assigned Case No. 19-12294 (SCC).

6. Pursuant to FRBP 9027(a)(2), this removal has been timely filed.

7. The State Court Action should be referred to the Bankruptcy Court which has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

8. This is a core proceeding pursuant 28 U.S.C. §§ 157(2)(A), (B), (E), (H), (I), (J), (K), and (O) in that the action concerns:

a. the administration of the estate and the disposition of property of the estate;

b. allowance or disallowance of claims against the estate;

c. orders to turn over property of the estate;

d. proceedings to determine, avoid, or recover fraudulent conveyances;

e. determinations as to the dischargeability of particular debts;

f. objections to discharges;

g. determination of the nature, extent and validity of Crescent's liens against property of the estate;

h. other proceedings affecting the liquidation of the assets of the estate.

9. The Debtor has filed a Chapter 7 Petition in the United States Bankruptcy Court for the Southern District of New York. Crescent needs to determine the assets and liabilities of the Debtor in connection with the Chapter 7 liquidation. The State Court Action concerns assets and liabilities of the Debtor.

10. Indeed, the Debtor seeks liquidation of assets. As such, the determination of Crescent's claims against Debtor and the liquidation should be done in the same proceeding.

11. Pursuant to 28 U.S.C. Section 1334, the Bankruptcy Court has jurisdiction over the allowance and disallowance of claims. Consequently, the State Court Action, which involves the disposition of property of the Debtor as well as the proper administration of the Debtor's bankruptcy estate, should be decided by the Honorable Judge assigned to these proceedings. Crescent consents to entry of final orders or judgment by the bankruptcy court.

12. Bankruptcy Court determination of these issues is crucial. Specifically, to adjudicate the extent which the Debtor's Estate is subject to competing interests such as Article 3-A of the Lien Law rights, and the claims of financing banks.

13. The State Court Action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. Section 1334, and is one which may be removed to this Court by Crescent pursuant to the provisions of 28 U.S.C. Section 1452, in that the matter in controversy is a civil action related to a bankruptcy case.

14. Upon removal, Crescent will promptly seek to transfer venue of this action pursuant to 28 U.S.C. 1404 to the Court where the Chapter 7 proceeding is pending, the United States District Court for the Southern District of New York, for its ultimate referral to the Bankruptcy Court.

Dated: Brooklyn, New York
September 18, 2019

                 KORSINSKY & KLEIN, L.L.P.
                 *Attorneys for Crescent*
             By: */s/ Michael Korsinsky*
                 Michael Korsinsky (MK-8900)
                 2926 Avenue L
                 Brooklyn, New York 11210
                 (212) 495-8133
                 mk@kklawfirm.com

To:

| | |
|---|---|
| Clerk of the Supreme Court | Rattet PLLC |
| New York County | Attn: Robert L. Rattet, Esq. |
| 60 Centre Street | 202 Mamaroneck Avenue |
| New York, New York 10007 | Suite 300 |
| | White Plains, New York 10601 |
| | *Attorneys for Defendant / Debtor* |